# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ROBERT NESBITT, BOBBIE NESBITT, his wife,
ROBERT NESBITT, Next Friend of CHRISTA NESBITT,
a minor, CHRISTA NESBITT, in her own right, ROBERT
NESBITT, Next Friend of CATIE NESBITT, a minor,
and CATIE NESBITT, in her own right,

           Plaintiffs,

v.                                                      Civil Action No. 5:05-CV-50
                                                         Judge Stamp

GEICO GENERAL INSURANCE COMPANY,

           Defendant.

U.S. DISTRICT COURT
FILED AT WHEELING, WV

NOV 1 4 2007

NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

## ORDER APPROVING AND DIRECTING SETTLEMENT

This day came the Plaintiffs, ROBERT NESBITT and BOBBIE NESBITT, as the natural parents and next friends of CHRISTA NESBITT and CATIE NESBITT, minors under the age of 18 years, in person, pursuant to the Motion previously filed herein, requesting permission to compromise and settle with GEICO, all claims of the said minors arising out of and resulting from a suit for extra contractual damages and bad faith following the adjustment and settlement of claims arising out of an accident which occurred on or about April 20, 2002, in Wheeling, Ohio County, West Virginia, as alleged in *ROBERT NESBITT, BOBBIE NESBITT, his wife, ROBERT NESBITT, Next Friend of CHRISTA NESBITT, a minor, CHRISTA NESBITT, in her own right, ROBERT NESBITT, Next Friend of CATIE NESBITT, a minor, and CATIE NESBITT, in her own right, v. GEICO GENERAL INSURANCE COMPANY*, Civil Action No: 5:05-CV-50.

Thereupon, came JOSEPH J. JOHN, Esquire, after being duly appointed Guardian Ad Litem for the said minor children, and having heretofore examined said Motion and made an independent and full investigation of the matters and things therein set forth, tendered to the Court an Answer;

which Answer being duly verified and the same having been seen and inspected by the Court, is hereby **ORDERED** filed.

Thereupon, came the Plaintiffs, ROBERT NESBITT and BOBBIE NESBITT, the natural parents and next friends of said minor children, and having been first duly sworn, gave evidence before the Court in support of the allegations and the Court, having considered the matters and allegations set forth in the Motion, the Answer and the evidence of said witness, is of the opinion that it is just and proper, independent of any admission in said Answer, that the said ROBERT NESBITT and BOBBIE NESBITT, as the natural parents and next friends of the minor children, CHRISTA NESBITT and CATIE NESBITT, be directed and authorized to make settlement of said claims as requested.

It is, therefore, **ORDERED** that ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends of said minor children, be and are hereby authorized to make settlement with GEICO for the claims and injuries sustained by the minor child, CHRISTA NESBITT, which settlement shall be in the amount of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, and for the claims and injuries sustained by the minor child, CATIE NESBITT, which settlement shall be in the amount of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars.

ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends are authorized and directed upon receipt of the said sum to execute and deliver to GEICO a release and acquittance of all claims of the said minor children, as provided by West Virginia Code.

Thereupon, came GEICO, by STEVEN R. BRATKE, their attorney, and, in open Court, paid to the said ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends the total sum of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, for CHRISTA NESBITT, a

minor and paid to ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends the total sum of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, for CATIE NESBITT, a minor.

It is, therefore, **ORDERED** that GEICO and their employees, agents and attorneys are forever acquitted and discharged, from any and all past, present and future actions, causes of actions, claims, demands, costs, loss of services, expenses, compensation, third-party actions, suits at law or in equity, including claims for contribution and/or indemnity, attorney fees, or whatever nature, and all consequential damage on account of, or in any way growing out of, any and all known and unknown personal injuries, death and/or property damage resulting or to result from the incident described in the Motion.

Although the Plaintiffs, ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends of CHRISTA NESBITT and CATIE NESBITT, have been provided valuable services ultimately resulting in the settlement herein by their attorneys, JACOB ROBINSON and RON ZAVOLTA, the said attorneys are not taking any attorney fees or expenses from said infants' settlements but rather will take any such fees and expenses from the remaining settlement.

It is further **ORDERED** that the Plaintiffs, ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends of CHRISTA NESBITT, a minor, be directed to invest the sum of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, minus any Court approved fees, costs, expenses, medicals, and subrogation liens, which sum represents CHRISTA NESBITT'S portion of the settlement, in a federally insured banking institution in an interest bearing account for the said minor child until said minor child reaches the age of 18 years, at which time the principal and any interest in the account for the said minor child shall be paid over to the said minor. Said

funds shall not be withdrawn or in anyway encumbered or depleted until said minor reaches the age of maturity, or except upon further Order of the Court. A copy of this Order shall be given to the bank at the time the subject account is opened.

It is also **ORDERED** that the Plaintiffs, ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends of CATIE NESBITT, a minor, be directed to invest the sum of Two Thousand Five Hundred and 00/100 ($2,500.00) Dollars, minus any Court approved fees, costs, expenses, medicals, and subrogation liens, which sum represents CATIE NESBITT'S portion of the settlement, in a federally insured banking institution in an interest bearing account for the said minor child until said minor child reaches the age of 18 years, at which time the principal and any interest in the account for the said minor child shall be paid over to the said minor. Said funds shall not be withdrawn or in anyway encumbered or depleted until said minor reaches the age of maturity, or except upon further Order of the Court. A copy of this Order shall be given to the bank at the time the subject account is opened.

It is additionally **ORDERED** that reference to a fiduciary commissioner is hereby waived and that the Plaintiffs, ROBERT NESBITT and BOBBIE NESBITT, as natural parents and next friends of CHRISTA NESBITT and CATIE NESBITT, may serve in their own capacity as surety, without bond.

The Court certifies that the said Guardian Ad Litem was present throughout the entire proceeding and it is, **ORDERED**, that the Clerk do tax the sum of $ _1050_ to be paid to the said Guardian Ad Litem for services herein as part of the cost of this proceeding, which Guardian Ad Litem fee shall be paid by GEICO.

It is further **ORDERED** that a certified copy of this Order be recorded in the Office of the Clerk of the County Commission of ___OHIO___ County, West Virginia.

The Court certifies that the official court reporter was present throughout the proceedings herein, the reporter having been directed to record all testimony of proceedings had upon this Motion and to transcribe the same and to file the transcript with the papers in this proceeding.

ENTER: November 14, 2007

_____
JUDGE

SUBMITTED BY:

_____
STEVEN R. BRATKE (State Bar #5195)
Counsel for Defendant, GEICO

McNeer, Highland, McMunn and Varner, L.C.
404 Market Street, Suite 204
P.O. Box 1507
Parkersburg, WV 26102
(304) 422-7193

_____
JACOB M. ROBINSON (State Bar #3133)
RONALD W. ZAVOLTA (State Bar #8739)
Counsel for Plaintiffs

Robinson Law Offices
1140 Main Street, Third Floor
Wheeling, WV 26003-2704

_____
JOSEPH J. JOHN (State Bar #5208)
Guardian ad Litem